UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

| | |
|---|---|
| THE M.D. MANAGEMENT CO., LLC (Petitioner) <br> Adrian E. LEPEDEANU (Beneficiary) <br> Mariana LEPEDEANU (Dependent, spouse) <br> R. L. (Dependent, child) <br> (Plaintiffs) <br> v. <br> U.S. Department of Homeland Security <br> Citizenship and Immigration Services <br> (Defendants) | 04 10499 <br><br> Civil Action No. <br><br> MAGISTRATE JUDGE \]{{un}} |

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK. POM
DATE 3/11/04

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiffs hereby ask the District Court to review the action of the Department of Homeland Security, Citizenship and Immigration Services (CIS)[1] in this case. The CIS revoked the Petitioner's H-1B Petition and the Beneficiary's H-1B status. Thus the Defendant revoked a petition it had previously approved and failed to apply its own regulations. (8 CFR 214.2(h).)

## JURISDICTION

The District Court has jurisdiction in this case under 28 USC 1331 because it presents a federal question and because a federal government agency is a party. This case arises under the federal immigration law, The Immigration and Nationality Act. (8 USC 1101 (a)(15)(H)(i)(b).)

In addition, this Court has jurisdiction over the subject matter by reason of the Declaratory Judgement Act, 28 USC 2201 and the Administrative Procedure Act, 5 USC 702.

---

[1] This was formerly the Immigration and Naturalization Service (INS). On March 1, 2003 the INS was dissolved, incorporated into the Department of Homeland Security and its responsibilities were divided into three bureaus. Citizenship and Immigration Services (CIS) is the bureau with responsibility over nonimmigrant petitions such as the one in this case.

The case does not involve a final order of deportation or an order of removal and therefore is not covered by section 242 of the Immigration and Nationality Act. (8 USC 1252 as amended by 306(a)(2) of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. 104-208, 110 Stat. 3009, Sept. 30, 2996, effective April 1, 1997.) Similarly, this case does not challenge a denial of discretionary relief and is therefore not controlled by the decision in Kolster v. INS, 101 F.3d 785 (1st Cir. 1996).

This case involves a series of decisions and actions by the U.S. Citizenship and Immigration Services (CIS) arising under the immigration law. Those decisions, which all relate to the Plaintiffs, involve issues of statutory eligibility for nonimmigrant status.

The Plaintiffs have exhausted the administrative appeal process and have nowhere else to go for a resolution of this federal question.

## THE PLAINTIFFS

The M.D. Management Co. is a Massachusetts corporation which owns and operates two McDonald's franchise restaurants in the Boston area. It is a thriving business with annual sales of over $4 million, gross annual income of over $2.4 million and over 95 employees.

Adrian Lepedeanu is the Food Service Manager of one of the restaurants. He is a citizen of Romania. Mariana Lepedanu is his wife and R. L. is their minor child; their status is dependent upon that of Mr. Lepedanu. Thus when the CIS revoked Mr. Lepedeanu's H-1B status, their dependent H-4 status was also revoked.

## CAUSE OF ACTION

On September 6, 2002, the Immigration and Naturalization Service approved an H-1B petition submitted by M.D. Management Co. on behalf of Mr. Adrian Lepedeanu. This approval authorized M.D. Management Company to employ Mr. Lepedeanu as Food Service Manager for

a three-year period. It granted Mr. Lepedeanu H-1B status to work as Food Service Manager from September 6, 2002 to July 17, 2005.

At the same time, INS granted Mrs. Lepedeanu and their child H-4 status. This is authorization to remain in the U.S. with their husband and father during his employment with M.D. Management Company.

On September 20, 2002, the Defendants issued a notice of intent to revoke the H-1B petition. On October 21, 2002, the Plaintiffs responded to that notice with additional evidence of the speciality nature of the occupation.

On December 19, 2002, the INS (now CIS) revoked M.D. Management Company's petition. The INS revoked the H-1B petition on the grounds that Food Service Manager was not a specialty occupation as defined in the immigration law and regulations. (8 USC 1101 (a)(15)(H)(i)(b) and 8 CFR 214.2 (h)(4)(ii).) Specifically they said that the Plaintiffs had not shown that the position required a bachelors degree or that the duties were especially complex.

The Plaintiff (M.D. Management Company) appealed the H-1B revocation to the Administrative Appeals Office of the Immigration Service on January 21, 2003. At the same time, Plaintiff submitted extensive supporting documentation that the position in question qualifies as a specialty occupation.

On January 6, 2004, the Administrative Appeals Office (formerly INS Administrative Appeals Unit) denied Plaintiff's appeal in a decision which fails to carefully evaluate the extensive evidence submitted in accordance with their own regulations. (See attached copies of Decision (Exhibit A) and Revocations (Exhibit B).) This Court previously addressed a similar situation in <u>Tapis v. INS</u> and held that the agency's action was a reversible abuse of discretion. (94 F. Supp. 2d 172 (D. Mass 2000).)

**RELIEF REQUESTED**

The Plaintiffs, respectfully request:

1. The Court reverse the CIS denial of the H-1B petition and order that the H-1B petition be approved; and
2. Mr. Adrian Lepedeanu be granted an extension of H-1B status retroactive to September 6, 2002; and
3. Ms. Mariana Lepedeanu and R. L. (the spouse and child ) be granted an extension of H-4 status retroactive to September 6, 2002.

This relief is necessary to correct the problems caused by CIS's unjustified revocation of the status it had previously granted. Without this relief the Plaintiffs will be severely and permanently penalized. Petitioners request the opportunity to brief this and the jurisdictional issues in full.

Respectfully submitted,

3/11/04
DATE

Maureen O'Sullivan
Counsel for Plaintiffs
Kaplan, O'Sullivan & Friedman
10 Winthrop Square
Boston, MA 02110
617-482-4500