UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

| | |
|---|---|
| THE M.D. MANAGEMENT CO., LLC<br>        Petitioner<br><br>ADRIAN LEPEDEANU<br>        Beneficiary<br><br>MARIANA LEPEDEANU<br>        Dependent, Spouse<br><br>R.L.<br>        Dependent, Child<br><br>        Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | Civil Action No. 04-10499-RWL |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S MOTION FOR STAY

I.  **Introduction**

Plaintiffs oppose Defendant's Motion for Stay Pending Agency's Reopening of Decision and respectfully request that this Court deny the stay and allow proceedings to move forward.

## II. Background

This case has been pending since July 23, 2002, when Plaintiff M.D. Management Co. filed the H-1B petition on behalf of Plaintiff Adrian Lepedeanu, including Plaintiffs Mariana Lepedeanu and R.L. as derivative beneficiaries of the petition. On September 6, 2002, the Immigration & Naturalization Service ("INS") approved the petition, providing H status to the Plaintiffs valid until July 14, 2005. However, two weeks later, Defendant notified Plaintiffs of its intent to revoke the petition. Revocation occurred on December 19, 2002, and Plaintiffs timely appealed to the Administrative Appeals Office ("AAO"). On January 6, 2004, the AAO upheld the revocation, and this suit followed. Plaintiffs argue that Defendant acted arbitrarily and capriciously in revoking the H-1B petition, as it failed to evaluate the extensive evidence submitted on the Plaintiffs' behalf.

After receiving Plaintiffs' Complaint in the instant case, Defendant informed Plaintiffs that it planned to administratively reopen their case and sought Plaintiffs' agreement. When asked if Defendant sought reopening for the purpose of approving Plaintiffs' H-1B petition, Defendant stated that it did not have such a purpose; rather, it sought only to reissue its decision. Plaintiffs did not agree to the reopening and oppose the stay because they assume that since the Defendant does not intend to approve the case, Defendant merely intends to rewrite the revocation to include language that would further insulate it from judicial review.

On May 13, 2004, the Defendant issued a notice stating that it was reopening Plaintiffs' case. See copy of notice at Exhibit AA. It failed to state any reason for this decision or any new issues that it would adjudicate upon reopening. It only stated that it

wished to enter a new decision. One week later, Defendant moved this Court to stay proceedings pending its issuance of a new decision in Plaintiffs' case.

### III. Argument

#### A. Defendant seeks to impermissibly circumvent judicial review by producing *post hoc* rationalization for its prior decision.

In rendering an adjudicative decision, an agency must articulate a rational basis for its decision. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). A court may only review an agency decision based on the reasons that the agency articulated for its decision. In other words, a court cannot "supply a reasoned basis for the agency's action that the agency itself has not given." Id., citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). Similarly, both the Supreme Court and the First Circuit have held that a court "may not accept" an agency's *post hoc* rationalization for a decision. State Farm, 463 U.S. at 50. See also Dubois v. Dept. of Agriculture, 102 F.3d 1273 (1st Cir. 1996) (setting aside agency action due to agency's failure to provide sufficient reasoning for its decision and holding that counsel's *post hoc* rationalization for the agency's action was "inherently suspect" and "no substitute" for providing contemporaneous reasoning for the action).

This doctrine has been applied in the immigration context in an analogous factual situation also involving a visa petition. There, the district court applied the rule of refusal to consider an agency's *post hoc* rationalization to the adjudication and review of visa petitions. See Omni Packaging v. INS, 733 F.Supp. 500, 502 (D.P.R. 1990), citing State Farm, 463 U.S. at 50 (stating that "*post hoc* rationalizations are insufficient" when reviewing an INS denial of a third-preference immigrant visa petition).

3

Defendant is now asking this Court to facilitate its production of *post hoc* rationalization for its revocation of Plaintiffs' visa petition by allowing it time to rewrite its decision. Taking into account Defendant's refusal to explain how it intends to change the decision below, along with the cryptic language in its notice of reopening, (Exhibit AA), Plaintiffs can only conclude that Defendant will make an effort in its next decision to insulate itself from judicial review entirely. Defendant should not be permitted to circumvent judicial review by rewriting any decisions that have been appealed to this Court. Additionally, any new language in a subsequent decision would qualify as impermissible *post hoc* rationalization. The precedent decisions by the Supreme Court and First Circuit dictate that such post hoc rationalization should not be considered by this Court. State Farm, 463 U.S. at 50; Dubois, 102 F.3d 1273. The Court should not allow Defendant to delay these proceedings any longer, especially when the reason for the delay is to produce superfluous reasoning for its prior decision. As such, this Court should deny Defendant's motion for a stay, allowing this case to go forward on the basis of the decision that Defendant has already rendered.

B. Further administrative proceedings do not moot the present case.

Regardless of the Defendant's future reasoning for its revocation of the Plaintiffs' visa petition, this Court should move forward in reviewing Defendant's present decision in this case. First, any future decisions from the Defendant will amount to only *post hoc* rationalization for its present revocation decision. As such, the present decision is still the central "case or controversy" required by Article III, §2 of the U.S. Constitution, and therefore is not moot.

Furthermore, Defendant's abuse of its discretion in revoking Plaintiffs' petition is capable of repetition, yet would evade review absent the continuation of these proceedings. In Friends of the Earth v. Laidlaw Envtl. Ser., the Supreme Court held that a lawsuit against a company that violated environmental laws was not moot, even though the company had closed the factory that had violated the laws and had been in compliance for several years. 528 U.S. 167, 193 (2000). The Court found that where a defendant's action is capable of repetition but evading review, the case is not moot. Id. at 190. The party claiming mootness has the burden of proving that the wrongful action will not recur. Conservation Law Foundation v. Evans, 360 F.3d 21, 26 (1st Cir. 2004), citing Friends of the Earth, 528 U.S. at 189.

In the case at bar, the Plaintiffs have sought injunctive relief to restore the H status that the Defendant revoked, arguing that the Defendant acted arbitrarily in deciding to revoke the status it initially granted. This District Court previously granted such relief in an analogous case. Tapis International v. INS, 94 F. Supp. 2d 172 (D. Mass, 2000). In the instant case, as in Tapis, the Defendant failed to consider all of Plaintiffs' evidence in light of its own regulations. Moreover, in the instant case, the Defendant also failed to provide Plaintiffs with any reasoning for the reopening or this case, thus preventing the Plaintiffs from adequately responding to this renewed adjudication.

However, if this Court allows the Defendant to rewrite its decisions every time a case is appealed to the District Court, the Defendant will have evaded review of its decisions. Future administrative action by the Defendant does not moot this case. The Court should deny the Defendant's motion to stay and instead move forward in reviewing the Defendant's action.

C. <u>Delay created by a stay would prejudice the Plaintiffs</u>.

This case has been pending for almost two years, during which time the Plaintiffs have been in legal limbo. Plaintiffs already waited almost 12 months, from January 2003 to January 2004, for the Defendant to issue the last decision which it now seeks to rewrite. Further delay places an undue burden on the Plaintiffs.

Pursuant to INA §212(a)(9)(B)(i), 8 U.S.C. §1182 (a)(9)(B)(i), any alien who is unlawfully present in the U.S. for more than 180 days is barred from reentering the U.S. for three years, and any alien who is unlawfully present in the U.S. for more than one year is barred from reentering the U.S. for ten years. This provision is colloquially referenced as the "three and ten year bar."

These bars could potentially prevent the Plaintiffs from regularizing their immigration status for the next decade. This is why the initial complaint requests that their status be restored retroactively to ensure that they will not be penalized for exercising their right to appeal.

The longer the Plaintiffs are forced to remain in legal limbo, the more difficult it will be to correct. Such protracted uncertainty causes hardship to the Plaintiff's business as well as to the individual Plaintiffs. The stay which the Defendant seeks would effectively prolong this hardship to the Plaintiffs. That is not reasonable in light of the fact that the Defendant already had a year to write the present decision which is the subject of this appeal.

6

## IV. Conclusion

Plaintiffs wish to resolve this litigation as expeditiously as possible. To that end, Plaintiffs are preparing to move for summary judgment. However, Defendant's unilateral reopening and Motion to Stay raise new issues. A stay of these proceedings will only result in impermissible *post hoc* rationalization for a decision that the Defendant has already issued, and will seriously prejudice the Plaintiffs. Thus, the Plaintiffs respectfully request that this Court move forward on this case, schedule a hearing to clarify the issues and deny the Defendant's Motion for Stay Pending Agency's Reopening of Decision.

Respectfully submitted,

5/27/04
DATE

Maureen O'Sullivan
Counsel for Plaintiffs
Kaplan, O'Sullivan & Friedman
10 Winthrop Square
Boston, MA 02110
(617) 482-4500

## CERTIFICATE OF SERVICE

I, Maureen O'Sullivan, hereby certify that a copy of the PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S MOTION FOR STAY in this case was sent by /federal express to:

>Jeremy Sternberg
>Assistant U.S. Attorney
>U.S. Attorney's Office
>U.S. Courthouse
>Suite 9200
>1 Courthouse Way
>Boston, MA 02210

This 27th day of May 2004.

Maureen O'Sullivan
Kaplan, O'Sullivan & Friedman
10 Winthrop Square
Boston, MA 02110
617-482-4500

U.S. Department of Homeland Security
20 Mass. Rm. A3042, 425 I Street, N.W.
Washington, DC 20529



**U.S. Citizenship
and Immigration
Services**

THE M.D. MANAGEMENT CO., LLC
569 ATHERTON STREET
MILTON, MA 02816

FILE:          EAC 02 247 52656      Office: VERMONT SERVICE CENTER        Date: MAY 13 2004

IN RE:         Petitioner:  THE M.D. MANAGEMENT CO., LLC
               Beneficiary: ADRIAN E. LEPEDEANU

PETITION:      Petition for a Nonimmigrant Worker Pursuant to Section 101(a)(H)(i)(b) of the Immigration
               and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i)(b)

ON BEHALF OF PETITIONER:

S. CHRISTOPHER STOWE, JR.
20 CENTERVILLE ROAD
WARWICK, RI 02886

INSTRUCTIONS:

The Director, Vermont Service Center, revoked the approval of the nonimmigrant petition and the Administrative Appeals Office (AAO) dismissed a subsequent appeal on January 6, 2004. The AAO is reopening this matter on motion pursuant to 8 C.F.R. § 103.5(a)(5)(ii) for purposes of entering a new decision. You are permitted a period of 30 days in which to submit a brief. If you do not wish to submit a brief, you may waive this 30-day period in writing and fax the waiver to the AAO at (202) 305-3215.

*[signature: Mari Johnson]*
Robert P. Wiemann, Director
Administrative Appeals Office

Exhibit AA

www.uscis.gov