UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10499-RWZ

THE M.D. MANAGEMENT COMPANY, LLC

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
CITIZENSHIP AND IMMIGRATION SERVICES

MEMORANDUM OF DECISION AND ORDER

January 18, 2005

ZOBEL, D.J.

Plaintiff M.D. Management Company, LLC, sought to employ Adrian Lepedeanu, a Romanian citizen, as food service manager for two McDonald's franchises operated by plaintiff. Plaintiff believed this position to be a specialty occupation and therefore filed an H-1B petition on behalf of Mr. Lepedeanu as a nonimmigrant with the defendant United States Department of Homeland Security. Defendant approved the petition on September 6, 2002, but then issued notice of intent to revoke the approval only a few weeks later. According to defendant, the food service manager position did not qualify as a specialty occupation, and federal law permits revocation at any time. See 8 U.S.C. § 1184 and 8 C.F.R. § 214.2(h)(11)(i)(B). After plaintiff filed a timely response, defendant revoked approval on December 23, 2002. When the Administrative Appeals Office denied appeal of this decision, plaintiff filed suit in this court. Defendant reissued its revocation decision on June 25, 2004.

Each party now seeks summary judgment. Defendant's motion questions this Court's jurisdiction to review the revocation decision but asserts that in any event the decision was properly based on substantial evidence. Plaintiff challenges both contentions.

Defendant's argument against jurisdiction relies upon the statutory prohibition of judicial review of any decision "the authority for which is specified under [immigration law] to be in the discretion of the [defendant], other than the granting of [asylum]." See 8 U.S.C. § 1252(a)(2)(B)(ii). This statute does not establish an absolute bar on jurisdiction, but instead, conditions jurisdiction on the specific grant of discretion in the authorizing language. See El-Khader v. Monica, 366 F.3d 562, 567 (7th Cir. 2004). There are no clear lines for determining whether discretion exists. For example, the Seventh Circuit has found no jurisdiction when an immigration law states that defendant "may" take a certain action, on the basis that such permissive language indicates legislative intent to delegate full discretion to defendant and foreclose judiciary review. See id. at 566. The Ninth Circuit, on the other hand, has found that an immigration law authorizes jurisdiction even when it contains permissive language such as the term "may," if the law also includes "a legal standard the meaning of which [the court] retain[s] jurisdiction to clarify." ANA International Inc. v. Way, 2004 WL 2903973, *5 (9th Cir. 2004)(basing jurisdiction on statutory language that required defendant to act only on "good and sufficient cause").

The parties disagree whether the immigration statute at issue in this case, 8 U.S.C. § 1184, delegates discretion to defendant regarding the admission and

departure of nonimmigrants, including the revocation of H-1B petitions. This statute provides that

> admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the [defendant] may by regulations prescribe . . . to insure that at the expiration of such time or upon failure to maintain the status under which he was admitted, or to maintain any status subsequently acquired under [applicable immigration law], such alien will depart from the United States.

8 U.S.C. § 1184(a). Defendant relies on an incomplete read of this provision in arguing that § 1184 authorizes discretionary decision-making. A comprehensive review of this statute clarifies that such discretion as is authorized is limited to the development of regulations regarding the statutorily defined events that may trigger a nonimmigrant's admission and departure. Defendant enjoys no discretion to expand or revise these events, which are restricted to expiration of time allowed in the United States and failure to maintain either admission status or a subsequently acquired immigration status. Similarly, defendant's regulations promulgated under § 1184 condition admission and departure decisions on the occurrence of specified circumstances; they do not leave such decisions to defendant's discretion. See 8 C.F.R. § 214.2(h)(11)(ii) and (iii). In turn, these limits, the specified events and circumstances that constrain defendant's decision-making, give legal standards that trigger federal jurisdiction. See ANA International Inc., 2004 WL 2903973 at *5.

Defendant's revocation of the instant H-1B petition must stand unless it was arbitrary and capricious, meaning "the decision is not supported by substantial evidence or . . . the determination relies on an improper understanding of the law." See Tapis International v. Immigration and Naturalization Service, 94 F. Supp. 2d 172, 174 (D.

3

Mass. 2000). According to defendant, its original approval reflected gross error and thus merited revocation under applicable regulations. See 8 C.F.R. § 214.2(h)(11)(iii)(5). Gross error occurs when approval for a petition constitutes "unmitigated or absolute error, such as an approval that was granted contrary to the requirements stated in the statute or regulations." The M.D. Management Co., LLC, File No. EAC 02 247 52656, U.S. Citizenship and Immig. Services (June 25, 2004); see also, 52 Fed. Reg. 5738, 5749 (Feb. 26, 1987). A successful H-1B petition must establish that the position to be filled by the beneficiary who is a working professional qualifies as a "specialty occupation." Defendant argues that plaintiff failed to meet this burden, thereby rendering defendant's original approval plainly incorrect.

A position constitutes a specialty occupation if the petitioner normally requires an applicant to have attained at least a baccalaureate degree or its equivalent, if other industry employers usually require such a degree, or if the "nature of the specific duties are so specialized and complex" that a degree would usually be associated with the position. 8 C.F.R. § 214.2(h)(4)(iii)(A). A baccalaureate degree may not be necessary if the position alternatively requires expertise equivalent to a degree, with such equivalence indicated either formally by authorities in that occupational area or by prior experience of sufficient duration (at least three years of specialized experience/training for each baccalaureate year) and sophistication (gained in the company of others with baccalaureate degrees or specialized knowledge). See 8 C.F.R. § 214.2(h)(4)(iii)(D).

Although plaintiff asserted that it normally requires an applicant to have a baccalaureate degree and that the duties to be performed by the food service manager are sufficiently complex as to be equivalent to a degree, plaintiff failed to provide

4

evidentiary support for these claims. With respect to the degree requirement, plaintiff informed defendant that four of the immediately preceding five food service managers had baccalaureate degrees but never provided documentation confirming this information or describing the fields of study. Plaintiff argued that the fifth manager held a two-year associate's degree in addition to thirty-seven years of food service experience, but again, failed to provide detailed evidence for defendant's evaluation of whether this asserted background met regulatory standards for finding equivalence. In both the initial and appellate adjudications preceding the instant case, defendant clearly identified this missing information as being required by its regulations and, therefore, an impediment to its review of the merits. Instead of providing such information, Plaintiff disputed the need for these details and pointed to Mr. Lepedeanu's own credentials, which were never at issue. Defendant remained unable to verify plaintiff's assertions, as required by its regulations, and having declined to amplify the record, plaintiff offers no persuasive argument why defendant's decision was arbitrary or capricious.

With respect to whether the complexity of the food service manager position approximated a baccalaureate degree and whether, across the food service industry, such positions typically require a degree, plaintiff submitted two expert opinions that defendant found unpersuasive. Because the experts stated that such positions occasionally may be filled by non-degree applicants who subsequently receive on-the-job training, defendants understood these opinions to recommend, but not require, baccalaureate degrees for food service managers. The United States Department of Labor Occupation Outlook Handbook reinforced this understanding by similarly stating that a food service manager's educational background may range from a baccalaureate

degree to a two-year hospitality program certificate or study at a technical institute. While plaintiff disagreed with the analogy between its food service manager position and the Handbook description, plaintiff did not advance any further evidence to support its argument and distinguish its manager position from the Handbook. As a result, plaintiff has offered no substantive grounds to show that defendant abused discretion or acted arbitrarily or capriciously in revoking its approval.

Accordingly, plaintiff's Motion for Summary Judgment (#15 on the docket) is denied, and defendant's Motion for Summary Judgment (#13 on the docket) is allowed. Judgment may be entered accordingly.

January 18, 2005
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE